**No. 46007.**—Petition 5921-R of W. A. Kyle & Co. (Galveston).

CLINE, Judge: This is a petition for remission of additional duties assessed on merchandise which the collector treated as undervalued upon entry at the port of Houston. The petition was filed under the authority of section 489 of the Tariff Act of 1930.

When the case was called for trial, without objection all of the papers in the official record were incorporated as a part of the record in this case.

The petitioner also moved in evidence the record in reappraisement 108259–A, decided on June 14, 1931, the record in reappraisement 108363–A, decided on February 2, 1937, and in the application for review of that decision, decided on December 3, 1937, and the record in the petition for remission covering the entry in the latter reappraisement appeal (petition 5698–R) decided on December 1, 1939. Counsel for the respondent objected to the incorporation of these records on the ground that it is not proper to incorporate a record in a reappraisement case in a remission case. The motion was taken under advisement by the court.

The petitioner contends that the record in the reappraisement cases which he moved to incorporate included evidence with respect to the entry in this case, and, as the court held on reappraisement that the appraiser did not advance the value of the merchandise, the question of value of the goods is pertinent in this case because, if the value was not advanced on final appraisement, there could be no question concerning the good faith of the petitioner in making the entry.

The court can take judicial notice of its own decisions. It is not prejudicial error, therefore, to receive evidence relating to a matter of which judicial notice may be taken. Reappraisement records have been received in evidence in numerous remission cases by this court when they relate to the shipment under consideration involved in the remission case. The motion to incorporate the records mentioned is granted with exception to the respondent.

The reappraisement appeal (No. 108259–A), involving the value of the merchandise covered by this petition for remission, was decided in *Collin & Gissel et al.* v. *United States*, 2 Cust. Ct. 1022, Reap. Dec. 4602. In that case the record in reappraisement 108363–A, *Collin & Gissel* v. *United States*, 72 Treas. Dec. 1210, Reap. Dec. 4183, was incorporated by stipulation between the parties. It was held in that case that no advance in value was made by the appraiser. The court said:

In this case two out of three of the invoices show that the merchandise was bought at the flat exchange rate (during a fluctuating period) at 4.20 marks to the dollar.

The entry was made at unit values in United States dollars on this basis.

The local appraiser adopted the equivalent mark value also on this basis, expressed by the following notation:

"Appraised in Rchmk at 4.20 to $1.00 on invoice unit values plus case and packing, net."

This was equivalent to a holding by the appraiser that this was the foreign-market value, no export value being higher. Thus the appraiser adopted and approved the importers' *per se* unit invoice values.

This on its face would have nothing to do with subsequent conversion of currency by the collector from marks to dollars at the appropriate proclaimed rate at the day of shipment, upon which basis of conversion the payment of duty must subsequently be calculated by the collector. It could not relate to an advance in the *per se* unit invoice values which were approved. * * *

An examination of the invoice covered by the petition herein involved shows that the appraiser made the following notation thereon:

Appraised in Rchmks at 4.20 to $1.00 on invoice unit values, plus pkg.

On the reappraisement proceedings the court held that this notation does not indicate that the appraiser advanced the unit invoice values of the goods.

Counsel for respondent moved to dismiss this petition for remission, using the following language:

Mr. McGRATH. I move to dismiss this petition also on the ground it is insufficient in law and confers no jurisdiction upon this court. It seems to me that the petitioner's remedy, if any, is against the liquidation of the collector by way of a protest, and I move to dismiss the petition on that ground. * * * And further, if the court pleases, assuming that the court should decide that the remedy taken by the petitioner here is proper, I now move to dismiss the petition upon the ground that the petitioner has failed to make a *prima facie* case.

This motion was taken under advisement and is now hereby denied, exception being granted to the respondent. Since the only question involved in this case relates to the additional duties assessed under the authority of section 489, we are of opinion that the court has jurisdiction to determine the issue under the authority granted the court in section 489 to order a remission of such additional duties, citing *P. Giusti & Co.* v. *United States*, 48 Treas. Dec. 610, T. D. 41274; *Howe Infants Wear Co.* v. *United States*, 54 Treas. Dec. 183, T. D. 42957; *G. Gennert, Inc.* v. *United States*, 59 Treas. Dec. 1795, Abstract 16598; *Hugo Falck & Co.* (Ltd.) v. *United States*, 61 Treas. Dec. 999, T. D. 45667; *Henry Kayser & Fils* v. *United States*, 63 Treas. Dec. 257, T. D. 46166. If a petitioner shows that there was no advance in the value of his merchandise on final appraisement, it is obvious that such record establishes that no attempt was made to deceive the appraiser or to defraud the United States of revenue. We are of opinion that the petitioner made out a *prima facie* case.

In harmony with our decision in *American Import Co.* v. *United States*, 3 Cust. Ct. 485, Abstract 42733, wherein the same situation was involved, we find that the petitioner acted without intention to misrepresent the facts or to defraud the revenue of the United States, or to deceive the appraiser as to the value of the goods in making the entry in this case. The petition is granted. Judgment will be entered in favor of the petitioner.